UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-60835
Summary Calendar
_____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                    v.

KATIE FAIR BEASLEY

                              Defendant - Appellant.


_____

No. 01-60836
_____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                    v.

DWAYNE BROWN

                              Defendant - Appellant.


_____

No. 01-60837
_____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                              v.

BETTY BURNETT

                              Defendant - Appellant.
                    _____

                         No. 01-60838
                    _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                              v.

ORA CAIN

                              Defendant - Appellant.
                    _____

                         No. 01-60839
                    _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                              v.

MELISSA CARTER

                              Defendant - Appellant.
                    _____

                         No. 01-60840
                    _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                              v.

                              2

ZINNIE MAE COLLINS

                              Defendant - Appellant.
                    _____

                    No. 01-60841
                    _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                    v.

JESSIE COLVIN

                              Defendant - Appellant.
                    _____

                    No. 01-60842
                    _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                    v.

MATTIE LEE CONNER

                              Defendant - Appellant.
                    _____

                    No. 01-60843
                    _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                    v.

J C DOSS

3

Defendant - Appellant.

_____

No. 01-60850

_____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

Plaintiffs - Appellees

v.

WILLIAM DAVIS

Defendant - Appellant.

_____

No. 01-60851

_____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

Plaintiffs - Appellees

v.

LEONARD CHARLES NAYLOR

Defendant - Appellant.

_____

No. 01-60853

_____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

Plaintiffs - Appellees

v.

LOUISE HARRELL

Defendant - Appellant.

4

_____

No. 01-60854

_____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                  v.

KAREN HARRIS

                       Defendant - Appellant.

_____

No. 01-60855

_____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                  v.

MARGARET WATT HARRISON

                       Defendant - Appellant.

_____

No. 01-60856

_____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                  v.

EDDIE HEARD; TORSHA HEARD

                      Defendants - Appellants.

_____

5

No. 01-60857
_____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                         Plaintiffs - Appellees

                    v.

JACQUELINE HICKS-RANDLE

                         Defendant - Appellant.

                 _____

              No. 01-60858
              _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                         Plaintiffs - Appellees

                    v.

EMMA HILL

                         Defendant - Appellant.

                 _____

              No. 01-60859
              _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                         Plaintiffs - Appellees

                    v.

LOUISE HOWARD

                         Defendant - Appellant.

                 _____

              No. 01-60860

                    6

_____

AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                    v.

BOBBY C JOHNSON; LARRY JOHNSON

                              Defendants - Appellants.
                    _____

                    No. 01-60861
                    _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                    v.

ARETHA CLARK JORDAN; JAMES M JORDAN

                              Defendants - Appellants.
                    _____

                    No. 01-60862
                    _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                    v.

KAREN BOYD MCFARLAND; JORDAN T MCFARLAND

                              Defendants - Appellants.
                    _____

                    No. 01-60863
                    _____

AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                                    Plaintiffs - Appellees

              v.

ROSIE MARTIN

                                    Defendant - Appellant.
                    _____

                    No. 01-60864
                    _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                                    Plaintiffs - Appellees

              v.

THALMUS R MORGAN

                                    Defendant - Appellant.
                    _____

                    No. 01-60866
                    _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                                    Plaintiffs - Appellees

              v.

KATHY MOSIER

                                    Defendant - Appellant.
                    _____

                    No. 01-60867
                    _____


8

AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                         Plaintiffs - Appellees

                 v.

BOBBY NASH

                         Defendant - Appellant.
                 _____

                    No. 01-60868
                 _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                         Plaintiffs - Appellees

                 v.

REBECCA NAYLOR

                         Defendant - Appellant.
                 _____

                    No. 01-60869
                 _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                         Plaintiffs - Appellees

                 v.

UNDRA SAWYER

                         Defendant - Appellant.
                 _____

                    No. 01-60870
                 _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;

9

FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                                    Plaintiffs - Appellees

                        v.

DELOIS SLEDGE

                                    Defendant - Appellant.
                    _____

                        No. 01-60871
                    _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                                    Plaintiffs - Appellees

                        v.

LINDA FAYE SMITH

                                    Defendant - Appellant.
                    _____

                        No. 01-60872
                    _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                                    Plaintiffs - Appellees

                        v.

PRESTON TALLIE

                                    Defendant - Appellant.
                    _____

                        No. 01-60873
                    _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

10

                              Plaintiffs - Appellees

                    v.

LEXIE TATE

                              Defendant - Appellant.
                    _____

                       No. 01-60874
                    _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                    v.

LEROY WATT

                              Defendant - Appellant.
                    _____

                       No. 01-60875
                    _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                    v.

LES WILBON

                              Defendant - Appellant.
                    _____

                       No. 01-60876
                    _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                              Plaintiffs - Appellees

                         11

v.

ARTHUR LEE WILLIAMS

                                    Defendant - Appellant.
                    _____

                      No. 01-60877
                    _____


AMERICAN HERITAGE LIFE INSURANCE COMPANY;
FIRST COLONIAL INSURANCE COMPANY OF FLORIDA

                                    Plaintiffs - Appellees

                         v.

LAKIESHA YOUNG

                                    Defendant - Appellant.

        _____

        Appeal from the United States District Court for the
            Northern District of Mississippi, Aberdeen
                        1:00-CV-375-D-A
        _____

                      May 22, 2002


Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Appellants Katie Beasley, Dwayne Brown, Betty Burnett, Ora

Cain, Melissa Carter, Zinne Mae Collins, Jessie Colvin, Mattie Lee

Conner, J.C. Doss, William Davis, Leonard Charles Naylor, Louise

Harrell, Karen Harris, Margaret Watt Harrison, Eddie Heard, Torsha

---

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Heard, Jacqueline Hicks-Randle, Emma Hill, Louise Howard, Bobby Johnson, Larry Johnson, Aretha Clark-Jordan, James Jordan, Rosie Martin, Karen Boyd McFarland, James McFarland, Thalmus Morgan, Kathy Mosier, Bobby Nash, Rebecca Naylor, Undra Sawyer, Deloise Sledge, Linda Faye Smith, Preston Tallie, Lexie Tate, Leroy Watt, Les Wilbon, Arthur Lee Williams and Lakiesha Young (collectively "Beasley") filed suit against Appellees American Heritage Life Insurance Company and First Colonial Insurance Company in Mississippi state court (collectively "Heritage"). Heritage then filed the instant actions pursuant to 9 U.S.C. § 4, seeking to stay the state court proceedings and compel arbitration. In separate orders, the district courts for the Northern and Southern districts of Mississippi granted Heritage this relief. Beasley appeals and we affirm.

**DISCUSSION**

A.   Jurisdiction

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims. It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking. This is the first principle of federal jurisdiction." Stockman v. Fed. Election Comm'n, 138 F.3d 144, 151 (5th Cir. 1998) (citation omitted). As the party asserting federal jurisdiction, Beasely bears the burden of demonstrating that jurisdiction is proper. Id.

13

9 U.S.C. § 16(a)(3) provides jurisdiction over appeals from "final decision[s] with respect to an arbitration." Interpreting 9 U.S.C. § 16(a)(3) in Green Tree Fin. Corp. v. Randolph, 531 U.S. 79 (2000), the Supreme Court held that Congress intended the term final decision in Section 16(a)(3) to have its ordinary meaning, to wit, "a decision that ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." Id. at 86. Here, the only issue before the district court was whether to compel arbitration. When it did so, there was nothing more for it to do but execute judgment.

Heritage contends that the district court stayed the federal action and that therefore the order compelling arbitration was not final. See Randolph, 531 U.S. at 87 n.2 ("Had the District Court entered a stay instead of a dismissal in this case, that order would not be appealable.").[2] This factual contention is not supported by the record. Heritage did not request a stay of the federal proceedings and the district court order does not provide for one; because, unlike in Randolph, the federal action did not contain any substantive claims, there was nothing for the district courts to dismiss. Accordingly, we conclude that we have jurisdiction to hear this appeal.

B.   McCarran-Ferguson Act

Beasely contends that section two of the Federal Arbitration

---

[2]We express no opinion on the question whether the district court had discretion to enter such a stay.

Act (the "FAA") has been reverse preempted.  See 9 U.S.C. § 2 ("A written provision in any...contract...to settle by arbitration a controversy thereafter arising out of such contract...shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."). In so arguing, Beasely relies on the McCarran-Ferguson act and a declaration of the Commissioner of Insurance for the Mississippi Insurance Department, which indicates that it was the policy of the Mississippi Insurance Department to withhold its approval from insurance policies containing arbitration clauses.[3]

The district courts' conclusions that the FAA, as applied to insurance contracts, has not been reverse preempted by the McCarran-Ferguson Act in Mississippi is a legal question we review de novo. See e.g., Moore v. Liberty Nat'l Life Ins. Co, 267 F.3d 1209, 1220 (11th Cir. 2001).  "By its terms, the [McCarran-Ferguson Act] permits a state law to reverse pre-empt a federal statute only if:  (1) the federal statute does not specifically relate to the 'business of insurance,' (2) the state law was enacted for the 'purpose of regulating the business of insurance,' and (3) the federal statute operates to 'invalidate, impair, or supersede' the state law.   There is no question that the FAA does not relate specifically to the business of insurance.   Thus, we need only

_____

[3]Apparently this is no longer the policy of the Commissioner of Insurance.

15

address the last two requirements." Munich Am. Reinsurance Co. v. Crawford, 141 F.3d 585, 590 (5th Cir. 1998).

The only enactments identified by Beasely in support of her contention that the FAA has been reverse-preempted are Miss. Code. Ann. § 83-53-29[4] and Miss. Code. Ann. § 83-53-15.[5] Neither of these statutes address the propriety of arbitration clauses in insurance contracts, they are simply general statutes vesting regulatory authority over insurance in the Commissioner of Insurance. Clearly, the FAA does not directly impair either of these statutes. A conclusion that these general statutes reverse-preempted the FAA would be equivalent to a conclusion that all federal laws which could potentially indirectly affect the regulation of insurance have been preempted. Beasely provides no argument or authority

---

[4] Section 83-53-29 provides: "The commissioner may, after notice and hearing, issue any rules and regulations that he deems necessary to effectuate the purposes of this chapter or to eliminate devices or plans designed to avoid or render ineffective the provisions of this chapter. The commissioner may require such information as is reasonably necessary for the enforcement of this chapter. All rules and regulations adopted and promulgated pursuant to this chapter shall be subject to the Mississippi Administrative Procedures Law."

[5] Section 83-53-29 provides, in pertinent part: "All policies, certificates of insurance, notices of proposed insurance, applications for insurance, endorsements and riders delivered or issued for delivery in this state, and the schedules of premium rates pertaining thereto, shall be filed with the commissioner for his approval prior to use. If after filing, the commissioner notifies the insurer that the form is disapproved, it is unlawful for the insurer to issue or use the form."

16

supporting such a sweeping result.

As noted above, Beasely appears to rely on a declaration from the Commissioner of Insurance, indicating that it was his policy to withhold his approval from insurance forms containing arbitration clauses. As an initial matter, it is undisputed that the arbitration clause at issue was not in an insurance contract, it was in a loan agreement. Nonetheless language in the McCarran-Ferguson Act evinces Congress' unambiguous intent to accord reverse-preemptive effect solely to "enact[ed]" state law. Beasely has provided no argument or authority to the contrary.

## CONCLUSION

In light of the foregoing analysis, we AFFIRM.

17